IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEVRO CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-325 (CFC) |
| | ) |
| STIMWAVE TECHNOLOGIES, INC., | ) |
| | ) |
| Defendant. | ) |

# NEVRO'S OPENING BRIEF IN SUPPORT OF ITS
# MOTION TO EXPEDITE DISCOVERY

OF COUNSEL:

Michael A. Jacobs
Arturo J. Gonzalez
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000

Kenneth A. Kuwayti
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
(650) 813-5600

Bita Rahebi
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
(213) 892-5428

John R. Lanham
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, CA 92130-2040
(858) 314-7601

April 17, 2019

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
Lucinda C. Cucuzzella (#3491)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com
ccucuzzella@mnat.com

*Attorneys for Plaintiff Nevro Corp.*

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| INTRODUCTION | | 1 |
| STATEMENT OF FACTS | | 2 |
| A. | The Parties' Initial Meet and Confer Over Expedited Discovery | 2 |
| B. | Stimwave Announces FDA Approval and Commercially Launches 10 kHz Therapy | 3 |
| C. | The Parties' Subsequent Meet and Confer | 3 |
| ARGUMENT | | 4 |
| A. | The Context and Timing of Nevro's Requests Favor Expedited Discovery | 6 |
| B. | Nevro's Requests Are Tailored to Preliminary Injunction Issues | 7 |
| C. | Expediting Nevro's Requests Will Not Impose a Significant Additional Burden on Stimwave | 8 |
| CONCLUSION | | 9 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Commissariat a L'Energie Atomique v. Dell Comput. Corp.*,
    C.A. No. 03-484-KAJ, 2004 WL 406351 (D. Del. Mar. 3, 2004) ............................................. 8

*Kone Corp. v. Thyssenkrupp USA, Inc.*,
    C.A. No. 11-465-LPS-CJB, 2011 WL 4478477 (D. Del. Sept. 26, 2011) ..................... 5, 6, 8, 9

*Semitool, Inc. v. Tokyo Electron Am., Inc.*,
    208 F.R.D. 273 (N.D. Cal. 2002) ........................................................................................ 5, 8

**Other Authorities**

D. Del. LR 26.2 ............................................................................................................................... 9

Fed. R. Civ. P.
    26(d) ............................................................................................................................................ 5
    26(f) ..................................................................................................................................... *passim*
    30(b)(6) ....................................................................................................................................... 1
    33(b)(2) ....................................................................................................................................... 4
    34(b)(2)(A) .................................................................................................................................. 4

# INTRODUCTION

Plaintiff Nevro moves to expedite discovery to support its concurrently filed Motion for Preliminary Injunction. There is good cause for granting Nevro's motion. Discovery is now open. Nevro served Defendant Stimwave with a set of discovery requests focused on its Motion for Preliminary Injunction immediately following the parties' Rule 26(f) conference on April 16, 2019. Stimwave has been aware of much of this discovery since March 4, 2019, when Nevro served a letter on the company attaching an earlier version of the requested discovery. Nevro also provided this exact set of requests to Stimwave on April 12, 2019, after Stimwave refused to schedule a Rule 26(f) meet and confer.

Nevro requests that the Court order Stimwave to provide written objections, if any, by April 23 (7 days after formal service of Nevro's requests) and to provide its answers and document production by May 1, 2019 (15 days after the formal service). Nevro is willing to provide comparable discovery on a similar timeframe. Nevro also intends to take the deposition of a Stimwave Rule 30(b)(6) representative before Nevro's supplemental preliminary injunction brief is due, although doing so does not formally require leave of Court.

Time is of the essence. Stimwave is deliberately and knowingly infringing the patents that protect Nevro's core technology—the high frequency paresthesia-free therapy that Nevro spent hundreds of millions of dollars to develop and that forms the basis of Nevro's business and marketing strategy. Shortening the time for responses to 15 days will maintain a tight preliminary injunction briefing schedule and help to try to limit the harm to Nevro caused by Stimwave's ongoing infringement.

## STATEMENT OF FACTS

The background facts relating to this action are set forth in detail in Nevro's Opening Brief in Support of its Motion for Preliminary Injunction.

### A. The Parties' Initial Meet and Confer Over Expedited Discovery

On March 1, 2019, prior to Stimwave receiving FDA clearance, Nevro sent Stimwave a set of proposed expedited discovery requests that were primarily targeted to determining the imminence and magnitude of Stimwave's launch of high frequency systems. (Declaration of John R. Lanham in Support of Motion for Preliminary Injunction ("Lanham Decl."), filed herewith, Ex. 1 at 2.)

Stimwave's prior counsel indicated on March 5, 2019, that they had been engaged only to negotiate an extension of time and refused to discuss expedited discovery. (*Id.* ¶ 3; Lanham Decl. Ex. 2.) Nevro followed up multiple times to determine Stimwave's retention of litigation counsel. Nevro learned of Stimwave's engagement of its current counsel on March 15 and forwarded its proposed discovery the same day. (*Id.* ¶ 4; Lanham Decl. Ex. 1.) Nevro and Stimwave conferred regarding possible expedited discovery several times in March. (*Id.* ¶ 5.)

At each of the parties' meet and confer conferences, however, Stimwave represented that it had *no documents* responsive to a request for documents sufficient to show Stimwave's plans to market, sell, program, launch, or otherwise commercially promote its SCS systems to provide therapy at frequencies above 1,500 Hz. (*Id.*) Nevro expressed skepticism that Stimwave did not have a single document given its public statements about a launch, but Stimwave's counsel insisted that it was true. (*Id.*) The parties held a final meet and confer on expedited discovery on March 29, 2019. Stimwave again represented that it had no documents about marketing or launching a high frequency therapy in the United States. (*Id.* ¶ 5.)

### B. Stimwave Announces FDA Approval and Commercially Launches 10 kHz Therapy

To Nevro's surprise, the next business day, April 1, Stimwave announced that it had received FDA clearance. (*See* Evidentiary Appendix in Support of Nevro's Motion for Preliminary Injunction ("PI App."), filed herewith, Ex. 9.) In fact, the FDA issued its clearance for Stimwave to market its high frequency product on March 29—the same day of the parties' final meet and confer, when Stimwave's counsel had again represented that no documents existed related to marketing or launch of a high frequency product. (PI App. Ex. 62; Lanham Decl. ¶ 5.)

Stimwave immediately began what appears to be the full-scale commercial launch of its high frequency therapy. (*See* Caraway Decl. in Support of Nevro's Motion for Preliminary Injunction ("Caraway Decl."), filed herewith, ¶¶ 24-27.) Since announcing FDA approval just over two weeks ago, Stimwave has been aggressively targeting Nevro and its innovative technology, promoting its 10kHz therapy to physicians and health care providers. (*Id.*) This is the same frequency as Nevro's commercial embodiment. (*Id*. ¶ 24.) Stimwave's recent invitation to physicians at the upcoming American Society of Interventional Pain Physicians (ASIPP) Annual Conference is typical: Stimwave is promoting the event with a picture of a surfer titled "Hang 10k at the Stimwave Lunch Presentation." (*Id.* ¶ 26.)

### C. The Parties' Subsequent Meet and Confer

On Tuesday, April 2, Nevro reached out to Stimwave's counsel to determine if the press release was accurate. Stimwave's counsel confirmed that Stimwave had received FDA approval. (Lanham Decl. ¶ 6.) On April 5, Nevro requested that Stimwave participate in a joint call to the Court's Case Manager to reserve a hearing date on its request for expedited discovery.

(*See* Lanham Decl. Ex. 4 at 1.)  The parties called the Court's Case Manager that same day and left a message about scheduling a Discovery Conference.

Stimwave answered Nevro's Complaint on April 8, 2019.  (D.I. 8.)  On April 9, the Court set a scheduling conference for April 18.  Following that order, Nevro sent Stimwave daily requests to hold a prompt Rule 26(f) conference.  (Lanham Decl. Ex. 5.)  Stimwave's counsel refused, maintaining that they could not participate in a Rule 26(f) conference until April 16, mere hours before the parties' proposed scheduling order was due.  (*Id.* at 1.)

On April 12, Nevro provided Stimwave with copies of the updated discovery that it proposed taking in connection with its motion for a preliminary injunction.  (Lanham Decl. Ex. 6.)  The parties held their Rule 26(f) conference on April 16, at the only time that had been offered by Stimwave's counsel.  (Lanham Decl. Ex. 5 at 1; Lanham Decl. ¶ 10.)  Stimwave indicated that, while it was not necessarily opposed to expedited discovery relating to the preliminary injunction motion, Stimwave would oppose the motion for expedited discovery on the grounds that the discovery was too broad.  (Lanham Decl. ¶ 10.)  Stimwave was unable to identify any of the requests that were overly broad, however, because its counsel represented that Stimwave had not had a chance to review them.  (*Id.*)  Nevro formally served the interrogatories and requests for production on April 16, shortly following the parties' Rule 26(f) conference. Copies of those requests are attached hereto as Exhibits 7 and 8.

## ARGUMENT

This Court has broad discretion to manage the discovery process.  The Federal Rules of Civil Procedure provide that the Court can shorten the default 30-day period for responding to interrogatories and requests for production of documents.  *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).

While the Federal Rules do not expressly provide a legal standard for issuing such an order, Delaware case law provides an analogous legal framework. Federal Rule of Civil Procedure 26(d), concerning the timing and sequence of discovery, provides that the Court may order discovery prior to the parties' Rule 26(f) conference. Like the provisions regarding shortening time to respond to interrogatories and requests for production of documents, Rule 26(d) does not articulate a standard, but Delaware courts have adopted a standard of "good cause," "such that the request is 'reasonable' in light of the relevant circumstances." *Kone Corp. v. Thyssenkrupp USA, Inc.*, C.A. No. 11-465-LPS-CJB, 2011 WL 4478477, at *4 (D. Del. Sept. 26, 2011); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 277 (N.D. Cal. 2002) (applying good cause standard to request to advance discovery and to shorten time to respond). While this Rule 26(d) framework can provide guidance, it is more demanding than the standard that should be applied here because regular discovery is now open.

In assessing good cause, courts weigh the need for the requested discovery against the breadth of the discovery requests and the prejudice to the responding party. *Kone*, 2011 WL 4478477, at *4. This analysis is case-specific, but relevant factors include "(1) the timing and context of the discovery requests, including whether a preliminary injunction hearing has been scheduled; (2) the scope and purpose of the requests; and (3) the nature of the burden to the respondent." *Id.* Courts "have recognized that good cause is frequently found in cases involving claims of infringement and unfair competition." *Semitool*, 208 F.R.D. at 276 (citing *Benham Jewelry Corp. v. Aron Basha Corp.*, No. 97 Civ. 3841 (RWS), 1997 WL 639038 (S.D.N.Y., Oct. 15, 1997)). Each good cause factor is satisfied by Nevro's request to shorten the time for Stimwave's discovery responses.

7

### A. The Context and Timing of Nevro's Requests Favor Expedited Discovery

The timing of Nevro's request strongly favors expedited discovery because, unlike the typical context, discovery in this case is now open. After weeks of unsuccessful negotiations with Stimwave to stipulate to expedited discovery, Nevro served Stimwave with discovery requests as soon as permitted under Rule 26(f). *See generally Kone*, 2011 WL 4478477, at *6 (noting that granting expedited discovery after a preliminary injunction motion and defendants' answer "would therefore not force Defendants to provide access to their documents or witnesses before they have had a fair opportunity to assess the issues in dispute, or to catalogue the relative strengths and weaknesses of their case.").

In addition, Stimwave has long been aware that Nevro would seek early discovery in the case. On March 4, prior to Stimwave's launch, Nevro provided Stimwave with many of these requests for purposes of conferring on expedited discovery. On April 12, following Stimwave's launch, Nevro provided Stimwave with advance copies of all of its current requests. Stimwave has had ample advance notice and opportunity to begin preparing its responses to Nevro's requests. In fact, although Stimwave has not yet produced any documents, during meet and confer, Stimwave agreed to produce certain documents in response to the initial requests and represented that it was already gathering those documents and was days away from being ready to produce them, including its communications with the FDA seeking approval to provide high frequency therapy, "certain technical documents relevant to operation of Stimwave's products" and international marketing materials. (*See* Lanham Decl. Ex. 3 at 1, 3-4.)[1]

The requested 15-day reduction in time to respond is warranted to facilitate the prompt exchange of subsequent preliminary injunction briefing and a hearing. As set forth in

---

[1] No documents have been produced. (Lanham Decl. ¶ 10.)

Nevro's Motion for Preliminary Injunction and the accompanying declaration from Nevro's Chief Medical Officer Dr. Caraway, Stimwave is already aggressively promoting its high frequency therapy in an attempt to rapidly capture market share. (*See* Caraway Decl. ¶¶ 25-27.) This is a situation in which days matter, and shortening discovery deadlines by 15 days will help ameliorate the ongoing harm that Stimwave's infringement is causing Nevro.

To the extent Stimwave feels this timing is too short, it only has itself to blame. Nevro tried to avoid the fire drill by seeking advance information about the timing of Stimwave's launch. But, as described above, through a combination of its delay in retaining counsel and counsel's repeated representation that no documents existed regarding the pending launch or sale of high frequency products, Stimwave has managed to delay discovery to the point where its therapy is now on the market.

B.  **Nevro's Requests Are Tailored to Preliminary Injunction Issues**

Nevro seeks documents and information that relate to Stimwave's infringement of Nevro's patents, equitable considerations, and the irreparable harm that Stimwave's infringement will cause Nevro, including the connection between that harm and Nevro's patented technology. For example, Nevro seeks information including the programming parameters used by Stimwave, the role of Stimwave's employees in programming its SCS systems, discussions with physicians regarding high frequency programming, Stimwave's market share and projections of market share, and Stimwave's pricing. (Lanham Decl. Exs. 7-8.)

While Nevro believes that its Motion for Preliminary Injunction already presents sufficient evidence to satisfy each required element, Stimwave will presumably contest the

adequacy of Nevro's Motion.[2] The discovery sought by Nevro will provide a more complete evidentiary record and "'better enable the court to judge the parties' interests and respective chances for success on the merits' at a preliminary injunction hearing." *Commissariat a L'Energie Atomique v. Dell Comput. Corp.*, C.A. No. 03-484-KAJ, 2004 WL 406351, at *4 (D. Del. Mar. 3, 2004) (internal citations omitted); *Kone*, 2011 WL 4478477, at *7 (expedited discovery should be focused on the "narrow categories of documents [and information that] will substantially contribute to moving this case forward") (quoting *Semitool*, 208 F.R.D. at 277).

C.  **Expediting Nevro's Requests Will Not Impose a Significant Additional Burden on Stimwave**

Nevro's requests were appropriately served following the parties' Rule 26(f) conference, and discovery in this case is now open. Thus, unlike the typical case considering this factor, the question here is not whether to permit early discovery but rather to require accelerated responses to ordinary discovery requests. Doing so here would not impose a meaningful additional burden on Stimwave, particularly as Stimwave was given advance notice of much of Nevro's discovery. (*See* Lanham Decl. ¶¶ 2-5; Exs. 1, 6.)

Nevro tailored these requests to issues relevant to its Motion for Preliminary Injunction and curtailed its requests to "documents sufficient to show" where appropriate. Moreover, given Stimwave's position that there were no documents responsive to some of Nevro's requests as recently as March 29, 2019, such as its request for documents regarding Stimwave's high frequency marketing or launch plans, there should not be a significant collection or review burden.

---

[2] Of course, if Stimwave does not contest particular elements of Nevro's request for preliminary injunction, Nevro does not need to accelerate the deadlines for responding to related discovery requests.

Finally, where expedited discovery "may involve the disclosure of Defendants' confidential business and/or trade secret information, any concerns regarding confidentiality can be adequately addressed with a Protective Order." *Kone*, 2011 WL 4478477, at *7. D. Del. LR 26.2 provides a default confidentiality standard that applies even without a protective order, and Nevro has provided a proposed Stipulated Protective Order to Stimwave on April 11 and is waiting for a response. (Lanham Decl. Ex. 9.)

## CONCLUSION

Good cause exists to shorten the time for Stimwave to respond to Nevro's interrogatories and requests for production. Nevro requests that the Court order Stimwave to provide written objections, if any, by April 23 (7 days after formal service) and to provide its answers and document production by May 1, 2019 (15 days after service).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
Lucinda C. Cucuzzella (#3491)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com
ccucuzzella@mnat.com

*Attorneys for Plaintiff Nevro Corp.*

OF COUNSEL:

Michael A. Jacobs
Arturo J. Gonzalez
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000

Kenneth A. Kuwayti
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
(650) 813-5600

Bita Rahebi
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
(213) 892-5428

John R. Lanham
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, CA 92130-2040
(858) 314-7601

April 17, 2019

# CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 17, 2019, upon the following in the manner indicated:

| | |
|---|---|
| David E. Moore, Esquire<br>Bindu A. Palapura, Esquire<br>Clarissa R. Chenoweth, Esquire<br>Tracey E. Timlin, Esquire<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Catherine Nyarady, Esquire<br>Crystal Lohmann Parker, Esquire<br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)