IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEVRO CORP., ) | |
| ) | C.A. No. 19-325-CFC |
| Plaintiff, ) | |
| ) | **JURY TRIAL DEMANDED** |
| v. ) | |
| ) | **PUBLIC VERSION** |
| STIMWAVE TECHNOLOGIES, INC., ) | |
| ) | |
| Defendant. ) | |

## LETTER TO THE HONORABLE COLM F. CONNOLLY
## FROM BINDU A. PALAPURA

OF COUNSEL:

Catherine Nyarady
Crystal Lohmann Parker
Michael Milea
Joshua Reich
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000

Dated: May 21, 2019
PUBLIC VERSION
Dated: May 28, 2019
6227517 / 49070

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Clarissa R. Chenoweth (#5728)
Tracey E. Timlin (#6469)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
cchenoweth@potteranderson.com
ttimlin@potteranderson.com

*Attorneys for Defendant Stimwave Technologies, Inc.*



**Potter Anderson Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19801-0951
302 984 6000
www.potteranderson.com

Bindu A. Palapura
Partner
Attorney at Law
bpalapura@potteranderson.com
302 984-6092 Direct Phone
302 658-1192 Firm Fax

May 21, 2019

<u>VIA ELECTRONIC FILING</u>

**PUBLIC VERSION
May 28, 2019**

The Honorable Colm F. Connolly
United States District Court
for the District of Delaware
844 North King Street
Wilmington DE 19801

    Re:    <u>Nevro Corp. v. Stimwave Technologies, Inc.</u>, C.A. No. 19-325-CFC

Dear Judge Connolly:

    Stimwave submits this letter brief in response to Nevro's May 20, 2019 letter. (D.I. 61.)

**<u>Stimwave Has Provided All Available Information About Programming Above 1,500 Hz</u>**

    Stimwave's response to Nevro's Interrogatory No. 2 and Stimwave's Vice President of Sales, Northeast, and Rule 30(b)(6) witness Michael Baja's testimony both confirm that once programming of the Stimwave Freedom SCS System is complete, ███████████ (D.I. 61-1, Exhibit 1 at 8–9; D.I. 61-1, Exhibit 4 at 77:4–25.) Instead, these programming parameters are stored ███████████████ As a result, unless the Stimwave sales representative ███████████████ ███████████ Nevro refuses to accept this fact and demands that Stimwave be ordered to obtain over ███ declarations and modify the practices it employs in the ordinary course of its business. This is both unworkable and inconsistent with the Delaware Default Standard for Discovery. Thus, Nevro's motion should be denied.

    To the extent Stimwave has evidence showing the programming of Stimwave systems in the United States at 10,000 Hz outside of a clinical trial, it has produced that evidence. (Exhibit 1 at 1.) Stimwave produced a list of all ███ SCS permanent implant procedures performed or scheduled to be performed between March 29, 2019—the day Stimwave received approval for SCS treatment with frequencies up to 10,000 Hz—and April 30, 2019. (D.I. 61-1, Exhibit 8.) This list includes the name of each Stimwave sales representative responsible for each procedure. (<u>Id.</u>) Stimwave then collected and produced all available ███████████ ███████████████████████████████ (Exhibit 1 at 1.) ███████████████████████ (D.I. 61-1, Exhibit 4 at 77:4–25.)

The Honorable Colm F. Connolly
May 21, 2019 – PUBLIC VERSION May 28, 2019
Page 2

Finding it "difficult to believe" both Stimwave's representations and the testimony of Mr. Baja, Nevro suggests that the remedy for its skepticism is for Stimwave to produce ▆ declarations—one from each of its territory managers, clinical specials and field support staff— "regarding the number of instances in which they have programmed a SCS system to include an option for therapy over 1,500 Hz." (Nevro Letter at 2, 3.) In addition to the substantial burden that producing ▆ declarations would impose on Stimwave and its clinical representatives in these already expedited proceedings, such declarations ▆▆▆▆▆▆▆▆▆▆ from each case that representative has performed in the past seven weeks.

Stimwave has tried to ascertain any reliable evidence on this issue, including contacting its sales representatives.  As Stimwave previously explained to Nevro, however, without ▆▆▆▆▆▆▆▆▆▆▆▆▆▆

Nevro also suggests that each of these representatives should be required to "keep logs of such activity going forward." (Nevro Letter at 3.) This, too, would place a substantial burden on Stimwave and its clinical representatives and would require ▆▆▆▆▆▆—a standard not once mentioned in Nevro's letter—is specifically excluded by paragraph 1(c)(i) of the Delaware Default Standard for Discovery:

> Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control.

Nevro has not shown good cause for its unreasonable request.

### **Stimwave Has Provided Ample Discovery on Its Ability to Satisfy a Judgment**

Stimwave has produced to Nevro extensive financial information, including its audited yearly financial summaries through 2017, the most final version of its 2018 financials, the current version of its Q1 2019 financials, and its 5-year pro forma analysis.  Stimwave also produced Mr. Baja as a Rule 30(b)(6) witness "regarding Stimwave's present, and forecasted revenue, cash reserves, and ability to obtain financing." (D.I. 61-1, Exhibit 2 at 10.)

Now, without even attempting to identify the amount of any such potential judgment, Nevro asks this Court to compel Stimwave to provide Rule 30(b)(6) testimony regarding Stimwave's "ability to satisfy a money judgment in this case." (*Id.*) This is not a well-defined topic for a Rule 30(b)(6) witness, and preparing a witness on this topic without information regarding the amount of any such judgment is not feasible.

The Honorable Colm F. Connolly
May 21, 2019 – PUBLIC VERSION May 28, 2019
Page 3

      Stimwave also disagrees with Nevro's characterization of Mr. Baja's Rule 30(b)(6) testimony regarding Stimwave's finances and financial conditions. Mr. Baja was well-prepared to testify as to these topics, including how information in each financial statement was calculated. But rather than ask Mr. Baja about the contents of Stimwave's financial statements or its 5-year pro forma analysis, Nevro instead chose to question Mr. Baja about choice excerpts from a Stimwave board meeting agenda. (D.I. 61-1, Exhibit 4 at 289:22–290:6.) That Mr. Baja could not identify the basis for such statements does not mean that he was not prepared to discuss the topics for which he was designated.

      In an effort to compromise on the issue, in an off-the-record conversation at Mr. Baja's deposition, Stimwave offered to provide expedited written responses to questions Nevro may have about the authenticity of Stimwave's financial statements or the information contained therein. Additionally, although Stimwave continues to maintain that Mr. Baja was well-prepared to testify on the issues for which he was designated, Stimwave will agree to designate a Rule 30(b)(6) witness to testify as to the contents of Stimwave's financial statements, including SW_00008338 (2015 Financial Statement), SW_00008323 (2016 Financial Statement), SW_00008298 (2017 Financial Statement), SW_00025955 (Q1 2019 Financial Statement), and SW_00016114 (5-year pro forma).

      In view of Stimwave's willingness to compromise on this issue, Nevro's motion to compel additional Rule 30(b)(6) testimony as to Topic No. 11 should be denied.

      **Conclusion**. For the reasons set forth above, Stimwave respectfully requests that the Court deny Nevro's motion to compel.

                                              Respectfully,

                                              */s/ Bindu A. Palapura*

                                              Bindu A. Palapura

BAP:msb/6220432/49070

Enclosure
cc:     Clerk of Court (by hand delivery)(w/encl.)
         Counsel of Record (by electronic mail)(w/encl.)