IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEVRO CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-00325-CFC |
| | ) |
| STIMWAVE TECHNOLOGIES, INC., | ) |
| | ) |
| Defendant. | ) |

### AFFIDAVIT OF PATRICK LARSON

STATE OF FLORIDA      )
                      ) ss.
COUNTY OF BROWARD     )

I, Patrick Larson, being duly sworn according to law, depose and state as follows:

1. I am the co-founder of defendant Stimwave Technologies, Inc. ("Stimwave"). I am also the CTO, Vice President of Research and Development, and Research Scientist at Stimwave. I have served in these various roles since inception of the Company in December, 2010.

2. I understand that plaintiff Nevro Corporation ("Nevro") filed a Motion to Disqualify Fish & Richardson P.C. (the "Motion") in the above-captioned action. I have not reviewed the confidential version of the Motion or of any other document filed by Nevro in connection with the Motion; rather, Stimwave has been provided with redacted, public versions of such documents to the extent that they exist and were filed with the Court. Further, I am not aware of anyone at Stimwave who has been has been provided with the confidential version of the Motion or of any other document filed by Nevro in connection with the Motion.

3. I have not been provided with the information redacted from the confidential version of the Motion or from any other document filed by Nevro in connection with the Motion.

Further, I am not aware of anyone at Stimwave who has been has been provided with the confidential version of the Motion or from any other document filed by Nevro in connection with the Motion.

4.  Although I am not aware of what specific confidential information Nevro alleges it provided to Fish prior to the commencement of the above-captioned action (if any), I do not believe that such information has been provided to me or anyone else at Stimwave.

5.  Stimwave first retained Fish & Richardson P.C. ("Fish") in 2012. Since that time, Fish has served as outside counsel to Stimwave. Among other things, Fish has prosecuted patents on behalf of Stimwave before the United States Patent and Trademark Office, represented Stimwave in connection with meetings and other interactions with Stimwave's investors and potential investors, and advised Stimwave regarding various patent and technology matters.

6.  In or around February 2019, Stimwave discussed with Fish the possibility of Fish representing Stimwave in connection with the above-captioned action. On March 8, 2019, Fish entered a limited appearance in this action for the purpose of stipulating to an extension of the time for Stimwave to move, answer or otherwise respond to the complaint. Nonetheless, for reasons unrelated to the subject matter of the Motion, the legal or factual allegations therein and/or Fish's prior interactions with Nevro, Stimwave determined at that time not to retain Fish as counsel in this action.

7.  In early August 2019, Stimwave determined to replace its then-current litigation counsel in the above-captioned action with attorneys from Fish. Stimwave determined to hire Fish as counsel in this action based on Fish's reputation as a top-ranked patent litigation firm, its breadth and depth of capabilities, its patent litigation experience, its knowledge of the field of

technology underlying the patents and devices at issue in this litigation, its extensive prior work for Stimwave and its familiarity with Stimwave's patents and medical devices.

8. Stimwave believes that, given the factors mentioned above, Fish is uniquely capable of representing Stimwave in this action. Fish is Stimwave's preferred counsel for purposes of this litigation. Stimwave believes that no firm other than Fish is capable of providing the quality of representation that Stimwave expects Fish to provide if the Motion is denied.

9. In determining to hire Fish as counsel for purposes of this litigation, Stimwave did not consider the subject matter of the Motion, the legal or factual allegations therein or Fish's prior interactions with Nevro. For the avoidance of doubt, Stimwave did not then, and does not now, expect or intend to benefit in this action or otherwise from any confidential information about Nevro that Fish may possess.

10. Stimwave expects that it would suffer material burden and harm if Fish is disqualified from serving as its litigation counsel in this action. Among other things, Stimwave would be forced to retain new counsel and pay for that counsel to review the record and prepare for further proceedings in this matter. A reasonable estimate of the additional cost that would be imposed by retaining new counsel is $300,000, largely comprising unnecessary legal fees. Stimwave would also be forced to proceed with less-capable counsel for purposes of this action. Moreover, Stimwave expects that the process of retaining new counsel would force a delay in proceedings in this action, which would (if the pending appeal is denied) result in an unnecessary and costly extension of the operative preliminary injunction against Stimwave.

11. I declare under penalty of perjury that I have personal knowledge of the foregoing facts, and that I believe them to be true and correct.

_____
Patrick Larson

Sworn to and subscribed before me on this 11th day of October, 2019.

_____
Notary Public

Notary Public State of Florida
Sherri Costa
My Commission GG 213889
Expires 05/03/2022