IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEVRO CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 19-325 (CFC) |
| ) | |
| STIMWAVE TECHNOLOGIES, INC., ) | |
| ) | |
| Defendant. ) | |

## STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION

This matter comes before the Court on the joint motion of Plaintiff Nevro Corp. ("Nevro"), and Defendant Stimwave Technologies, Inc. ("Stimwave").

1. Nevro owns United States Patent Nos. 8,874,222 (the "'222 Patent"), 9,327,127 (the '127 Patent), 9,333,358 (the '358 Patent); 8,868,192 (the '192 Patent); and 9,327,126 (the '126 Patent) (the "Nevro Litigation Patents").

2. On February 14, 2019, Nevro filed a complaint for patent infringement, declaratory judgment of patent infringement, violation of the Lanham Act, and deceptive trade practices ("Complaint") against Stimwave in the United States District Court for the District of Delaware (the "Court"), which action remains pending as C.A. No. 19-325-CFC; and on July 30, 2019, Stimwave appealed (Case No. 19-2205) the Court's Opinion and Order, D.I. 150 and 151,

respectively, with respect to Nevro's Motion for a Preliminary Injunction (the "Stimwave Appeal") (collectively, the "Litigation").

3. In connection with the Litigation, on July 24, 2019, the Court granted in part Nevro's motion for a preliminary injunction and enjoined Stimwave from infringing, or inducing the infringement of claims 24 and 28 of the '222 Patent (the "Preliminary Injunction") pursuant to the District Court's Opinion and Order, D.I. 150 and 151, respectively.

4. Nevro and Stimwave subsequently reached an agreement to resolve the Litigation pursuant to a separate settlement agreement entered into by the Parties (the "Settlement Agreement"). The Settlement Agreement specifically outlines Stimwave's obligations, responsibilities, and restricted activities, globally, as well as outlines how the Settlement Agreement and the Permanent Injunction below shall bind any entities that acquire or take control of the business or assets of Stimwave, or that are affiliated with an acquirer of Stimwave. More specifically, Section 9 of this Order will only apply to entities that acquire or take control of the business or assets of Stimwave, or that are affiliated with an acquirer of Stimwave, to the extent of their making, having made, importing, exporting, using, offering for sale, selling, distributing, programming, assisting in programming, or inducing the programming of Stimwave Technology, as expressly defined and set forth in the Settlement Agreement.

5. In accordance with the Settlement Agreement, Nevro and Stimwave request this Consent Judgment and Permanent Injunction ("the Permanent Injunction") be entered in the above-captioned case.

6. For purposes of this Order, the following terms will have the following meanings: "Affiliated Persons" means with respect to a party hereto, (i) any other person or entity Controlled by or under common Control with such party for so long as such Control exists, where "Control" or "Controlled" means possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of a corporation, partnership, person or other entity, whether through the ownership of voting securities, or by contract or otherwise; (ii) any predecessor-in-interest that as of the Effective Date a party Controls; and (iii) the officers, managers, directors, employees, agents, distributors, sales and clinical representatives and servants of such party or the persons or entities set forth in subsections (i) and (ii) above.

7. Stimwave admits that the Nevro Litigation Patents are valid and enforceable. Subject to the conditions set forth in the Settlement Agreement, Stimwave, on behalf of itself and its Affiliated Persons shall not challenge, or induce, encourage or assist anyone else to challenge, directly or indirectly, the validity, patentability, scope, or enforceability of the Nevro Litigation Patents in any

court or other tribunal, including the United States Patent and Trademark Office and the United States International Trade Commission.

8. Stimwave admits that: (i) its making, having made, importation, use, offer for sale, sale and/or distribution of Stimwave Enjoined Devices (as defined below) constitutes or would constitute infringement of at least one claim of the Nevro Litigation Patents; (ii) infringement of such claim or any other claims of the Nevro Litigation Patents would lead to irreparable harm to Nevro, including to its goodwill and reputation; (iii) the balance of hardships stemming from issuance of this permanent injunction weighs in Nevro's favor; and (iv) issuance of the permanent injunction described herein is not against the public interest.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

9. Stimwave, its Affiliated Persons, other persons and entities in active concert or participation with Stimwave or its Affiliated Persons, and those individuals receiving training or material aid from Stimwave or its Affiliated Persons, are hereby restrained and enjoined in the United States as of the date hereof until the earlier of any final non-appealable determination of invalidity or unenforceability of all Nevro Litigation Patents or the date of expiration of the last to expire of the Nevro Litigation Patents from:

(x) making, having made, importing, exporting, using, offering for sale, selling and distributing:

      (i)    spinal cord stimulation devices that deliver or are programmable by a user to deliver spinal cord stimulation therapy at frequencies from 1.5 kHz to 100 kHz, or

      (ii)    any other spinal cord stimulation devices that are not more than colorably different from the devices described in subsection (x)(i) above (the devices described in subsections (x)(i) and (x)(ii) are referred to collectively as the "Stimwave Enjoined Devices"), and

(y)    programming, assisting in programming, or inducing the programming of:

      (i)    any Stimwave Enjoined Devices to deliver stimulation therapy at frequencies from 1.5 kHz to 100 kHz, or

      (ii)    any other spinal cord stimulation therapy delivered at frequencies from 1.5 kHz to 100 kHz that is not more than colorably different from the foregoing therapy, and

(z)    providing, presenting, or sponsoring any presentations, symposia, or literature promoting or describing the use of a Stimwave Enjoined

Device to deliver spinal cord simulation therapy at frequencies from 1.5 kHz to 100 kHz, provided however that Stimwave may provide or present clinical data regarding spinal cord stimulation therapy by a Stimwave Enjoined Device at 1,500 Hz (or below), using data that was generated prior to the Effective Date of the Settlement Agreement, if Stimwave expressly indicates at the time of providing or presenting the data that Stimwave is only permitted to provide spinal cord stimulation therapy at frequencies below 1,500 Hz.

The restraints set forth in sections (x) and (y) of this Section 9 above shall not apply to the provision of follow-up care and programming for patients who were already programmed with such spinal cord stimulation therapies in the United States prior to March 6, 2020, and in the rest of the world with such stimulation therapies before April 30, 2020.

10. Stimwave is ordered to provide copies of this Order no later than 30 days from entry of this Order to its Affiliated Persons.

11. This Court shall retain jurisdiction over Nevro and Stimwave for the purpose of enforcing the terms of this Consent Judgment and Permanent Injunction and over any matters related to or arising from the interpretation or enforcement of the Settlement Agreement.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | FISH & RICHARDSON P.C. |
| /s/ *Rodger D. Smith II* | /s/ *Douglas E. McCann* |
| Rodger D. Smith II (#3778)<br>Lucinda C. Cucuzzella (#3491)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>rsmith@mnat.com<br>ccucuzzella@mnat.com | Douglas E. McCann (#3852)<br>222 Delaware Avenue, 17th Floor<br>Wilmington, DE 19899<br>(302) 652-5070<br>dmccann@fr.com<br><br>*Attorneys for Defendant Stimwave Technologies, Inc.* |
| *Attorneys for Plaintiff Nevro Corp.* | |
| OF COUNSEL: | OF COUNSEL: |
| Michael A. Jacobs<br>Arturo J. Gonzalez<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105-2482<br>(415) 268-7000 | Frank E. Scherkenbach<br>Proshanto Mukherji<br>FISH & RICHARDSON P.C.<br>One Marina Park Dr.<br>Boston, MA 02210 |
| Kenneth A. Kuwayti<br>Eric C. Pai<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304-1018<br>(650) 813-5600 | Todd G. Miller<br>FISH & RICHARDSON P.C.<br>12390 El Camino Real.<br>San Diego, CA 92130 |
| Bita Rahebi<br>Nicholas Rylan Fung<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, CA 90017-3543<br>(213) 892-5428 | |

John R. Lanham
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, CA 92130-2040
(858) 314-7601

SO ORDERED this 2nd day of March, 2020.

_____
UNITED STATES DISTRICT JUDGE